# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 22-1304V

| | |
|---|---|
| LISA OSTELLINO,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: September 29, 2025 |

*Jonathan Joseph Svitak*, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.

*Alexa Roggenkamp*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On September 15, 2022, Lisa Ostellino filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination administered to her on October 4, 2021. Pet., ECF No. 1. Petitioner further alleges that the vaccine was received in the United States, she suffered sequela of her injury for more than six months, and neither Petitioner nor any other party has ever received compensation in the form of an award or settlement for her vaccine-related injury. *Id.* The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 29, 2025, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. ECF No. 36. On September 26, 2025, Respondent filed a

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $55,000.00 in pain and suffering. Proffer at 2, ECF No. 39. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *See id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $55,000.00 for pain and suffering to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| LISA OSTELLINO,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | No. 22-1304V<br>Chief Special Master Corcoran<br>ECF |

**PROFFER ON AWARD OF COMPENSATION**[1]

On September 15, 2022, Lisa Ostellino ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA") in her right shoulder as a result of an influenza ("flu") vaccine administered on October 4, 2021. Petition at 1. On September 30, 2024, respondent filed a Rule 4(c) report recommending dismissal of petitioner's Petition. ECF No. 31. On June 16, 2025, the Court issued Findings of Fact.[2] ECF No. 33. As a result of the Findings of Fact, respondent filed an amended Rule 4(c) report on July 28, 2025, recommending entitlement but preserving

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

[2] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's June 16, 2025 Findings of Fact.

his right to appeal the Court's Findings of Fact. ECF No. 35. On July 29, 2025, the Court issued a Ruling on Entitlement, finding that petitioner is entitled to compensation. ECF No. 36.

### I.     Items of Compensation

Based on the evidence of record, respondent proffers that petitioner should be awarded $55,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

### II.    Form of the Award/Recommended Payment

The parties recommend that the compensation provided to petitioner should be made through one lump sum payment as described below and request that the Chief Special Master's decision and the Court's judgment award the following:[3]

> A lump sum payment of **$55,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Lisa Ostellino.

Petitioner is a competent adult. Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

                                  ALEXIS B. BABCOCK
                                  Assistant Director
                                  Torts Branch, Civil Division

                                  <u>/s/ Alexa Roggenkamp</u>
                                  ALEXA ROGGENKAMP
                                  Trial Attorney
                                  Torts Branch, Civil Division
                                  U.S. Department of Justice
                                  P.O. Box 146
                                  Benjamin Franklin Station
                                  Washington, D.C.  20044-0146
                                  (202) 616-4179
DATE: September 26, 2025           alexa.roggenkamp@usdoj.gov

3